UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIDENTIFIED LITIGANT, *proceeding under the name Lindsey Santiago*, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action 25-cv-12748-IT * |
| TWO UNKNOWN ESSEX COUNTY, MA COURT OFFICERS, | * * * |
| Defendants. | * * |

ORDER

September 30, 2025

TALWANI, D.J.

On September 22, 2025, a *pro se* litigant filed a Complaint [Doc. No. 1] in which she alleges that court security officers at the John Joseph Moakley United States Courthouse violated her constitutional rights by requiring her to provide identification to proceed past the security screening area of the building. Plaintiff alleges that, after she refused to provide identification, the security officer informed her that she could not access the building (though she acknowledges that she was permitted to give documents for filing to a "court Clerk." [Doc. No. 1 at 2]). With her Complaint, Plaintiff filed an Emergency Motion in which she asks the court to prohibit courthouse security officers "from requiring her to identify herself to them personally, or demanding identification from her in order to enter the United States District Court building." [Doc. No. 3 at 1]. Plaintiff did not pay the $405 filing fee or file a motion for leave to proceed without prepayment of the fee.

The filings are similar, if not identical, to those filed in Unidentified Litigant, proceeding under the pseudonum Lindsey Santiago v. Two Unknown Essex County, MA Court Officers,

C.A. No. 25-cv-12342-IT (D. Mass.) [Doc. No. 2], in which the litigant acknowledged in her Motion for Leave to Proceed in Forma Pauperis that Lindsey Santiago was a pseudonym. Plaintiff has not sought leave to proceed under a pseudonym in either case.

For the reasons set forth below, the court will deny the emergency motion and direct Plaintiff to file an amended complaint and resolve the filing fee if she wishes to pursue this action.

**I.    Plaintiff May Not Proceed Anonymously**

A Complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. Proc. 8(a)(2), and must be signed by the Plaintiff or her attorney, see Fed. R. Civ. Proc. 11(a). By not providing her name to the court, Plaintiff has failed to satisfy these requirements.

Plaintiff also did not file a separate motion to proceed under a pseudonym. Plaintiff also has not demonstrated any reason to proceed without identifying herself to others. There is a "strong presumption against the use of pseudonyms in civil litigation." Doe v. Mass. Inst. of Tech., 46 F.4th at 67 (quoting Does 1-3 v. Mills, 39 F.4th 20, 25 (1st Cir. 2022)), and "[t]he party seeking pseudonymity bears the burden of rebutting the strong presumption against it." Id. at 73. This case does not present circumstances warranting the use of a pseudonym.[1]

If Plaintiff wishes to pursue this matter, she must file an amended complaint under her real name.

---

[1] Plaintiff has included with her filings a copy of a decision this court entered in DeWayne v. MERS, Inc., 2017 WL 2802726 (June 28, 2018), in which this court directed a litigant that if he was precluded from entering the courthouse to litigate a matter on the ground that he did not have appropriate identification, he should bring the matter to the court's attention. That case discussed only the question of whether a REAL ID was necessary to enter the courthouse, and does not support Plaintiff's efforts to proceed in litigation anonymously.

## II. Resolution of the Filing Fee

The fee for commencing a non-habeas civil action is $405. In general, the filing fee must be submitted with the complaint. However, a plaintiff who is not able pay the filing fee may seek leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a). If Plaintiff wishes to proceed with this action, she must pay the $405 filing fee or file a motion for leave to proceed *in forma pauperis* in which she details all sources of income and assets, including those that allow her to be able to pay her monthly expenses.

## III. Conclusion

In accordance with the foregoing, the court hereby orders:

1. If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28) days of the date of this order, file an amended complaint under her true name. Failure to do so will result in dismissal of this action without prejudice.

2. If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28) days of the date of this order, pay the $405 filing fee or file a motion for leave to proceed *in forma pauperis*. Failure to do so will result in dismissal of this action without prejudice.

3. The Emergency Motion [Doc. No. 3] is denied without prejudice to renewal if Plaintiff files an amended complaint under her true name.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

September 30, 2025